# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 09 C 50216 | DATE | 6/10/2013 |
| CASE TITLE | DePrentice Allen McDonald vs. Heavin, et al. | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, defendants' motion for summary judgment is granted in full. Judgment is entered in favor of defendant and against plaintiff. This case is terminated.

*/s/ Philip G. Reinhard*

■[ For further details see text below.]      Notices mailed by Judicial staff.

## STATEMENT - OPINION

    Plaintiff DePrentice McDonald brought this action under 42 U.S.C. § 1983 against defendants, Winnebago County Sheriff's Deputies Ryan Heavin and Joseph Boomer. Plaintiff alleges that defendants used excessive force during the course of his arrest in violation of the Fourth Amendment. Now before the court is defendants' motion for summary judgment, and their motion to deem facts from their Local Rule 56.1 statement admitted. Defendants argue that they did not act with unreasonable force in arresting plaintiff. Alternatively, they contend that they are entitled to qualified immunity even if the court were to find that they used excessive force.

    Summary judgment should be granted if the movant shows that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. *Brown v. Advocate S. Suburban Hosp. & Advocate Health & Hosps.Corp.*, 700 F.3d 1101, 1104 (7th Cir. 2012). The court construes all facts and inferences in the light most favorable to the non-moving party in assessing a motion for summary judgment. *Id.*

    Local Rule 56.1(a)(3) requires a party moving for summary judgment to file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitles the moving party to judgment as a matter of law." The nonmovant must provide "a concise response to the movant's statement" containing "a response to each numbered paragraph in the moving party's statement, including in the case of disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." LR56.1(b)(3)(B). The nonmovant may also file a statement of additional facts that require denial of summary judgment, "including references to the affidavits, parts of the record, and other supporting materials relied upon." LR56.1(b)(3)(C).

    The purpose of Local Rule 56.1 "is to make the summary judgment process less burdensome on district courts by requiring the parties to nail down the relevant facts and the way they propose to support them." *Sojka v. Bovis Lend Lease*, 686 F.3d 394, 398 (7th Cir. 2012). A court may require strict compliance with the rule. *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 632 (7th Cir. 2009). An opposing party's failure to dispute the movant's statement of undisputed facts in accordance with Local Rule 56.1 deems those facts

admitted for purposes of summary judgment. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). It is difficult to overstate the importance of adhering to Local Rule 56.1; as Judge Castillo intimated, ignoring Local Rule 56.1(b)(3) typically spells doom for a party's chances of success:

> [Local Rule 56.1(b)(3)] may be the most important litigation rule outside statutes of limitation because the consequences of failing to satisfy its requirements are so dire. Essentially, the penalty for failing to properly respond to a movant's [Local Rule] 56.1 statement is usually summary judgment for the movant (at least if the movant has done his or her job correctly) because the movant's factual allegations are deemed admitted.

*Malec v. Sanford*, 19 F.R.D. 581, 584 (N.D. Ill. 2000).

Plaintiff's counsel failed to make any effort to adhere to this basic and critical rule. Defendants filed their motion for summary judgment and their statement of facts pursuant to Local Rule 56.1(a). Plaintiff, through counsel, filed a brief in Response which was two-and-a-half pages in length and contained no case citations. Plaintiff provided no Local Rule 56.1 statement. Defendants subsequently moved to have their facts admitted. Because plaintiff has failed to comply with Local Rule 56.1, defendants' motion to admit the facts in its Local Rule 56.1 statement is granted. *Ammons v. Aramark Unif. Servs.*, 368 F.3d 809, 817-18 (7th Cir. 2004) (ruling that it was not an abuse of discretion for a district court to "expect strict compliance with Rule 56.1."). The court nevertheless ensures that the facts presented in defendants' statement are supported by evidence and that the evidence is sufficient to support summary judgment.

An excessive force claim related to an arrest is evaluated under the Fourth Amendment's reasonableness standard. *Padula v. Leimbach*, 656 F.3d 595, 602 (7th Cir. 2011). Because law enforcement officers must often make split-second judgments in uncertain and evolving circumstances, their decisions to use force and the amount of force used are afforded considerable leeway. *Abbott v. Sangamon County*, 705 F.3d 706, 724-25 (7th Cir. 2013). "The dispositive question is whether, in light of the facts and circumstances that confronted the officer (and not 20/20 hindsight), the officer behaved in an objectively reasonable manner." *Id.* A number of factors are relevant to this assessment, including:

> the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. We also consider whether the citizen was under arrest or suspected of committing a crime, was armed, or was interfering or attempting to interfere with the officer's execution of his or her duties. In the end, the excessive force inquiry looks to whether the force used to seize the suspect was excessive in relation to the danger he posed – to the community or to the arresting officers – if left unattended.

*Id.* (citations and quotation marks omitted).

Defendants' facts pursuant to their Local Rule 56.1 statement are as follows. On August 1, 2008, defendants were on duty and assigned to work the Metro Narcotics Unit. They were made aware by anonymous tip that an African American male riding a bicycle and wearing a white tank top, white hat, and light-blue jeans was selling narcotics from a can near the intersection of Ashland Avenue and Ashland Court, which runs north from a cul-de-sac until it deadends into Ashland Avenue. With Heavin in the passenger seat, Boomer drove to the intersection in an undercover pickup truck. Both officers wore plain clothes with their badges hanging on chains around their necks. A deputy radioed Heavin and Boomer that an individual matching the description in the anonymous tip was spotted on Greenview Avenue, west of Ashland Court.

**STATEMENT - OPINION**

Boomer and Heavin monitored the area in the truck on Ashland Avenue, just west of Ashland Court.

From their position, Boomer and Heavin observed a car pull into the cul-de-sac at the south end of Ashland Court and watched an African American male, later identified as plaintiff, pull up to the driver's side of the car on a bicycle. They appeared to make a hand-to-hand drug transaction, after which plaintiff rode his bike eastbound on Ashland Avenue on the north side of the street. Boomer and Heavin decided to approach plaintiff. Boomer drove the truck eastbound on Ashland Avenue alongside plaintiff as he was riding his bicycle. Boomer rolled down his window, identified himself as a police officer, showed plaintiff his badge and told plaintiff to stop. Plaintiff instead ran westbound on Ashland Avenue. Plaintiff testified that he was unaware that Boomer and Heavin were police officers.

Boomer immediately stopped the truck. Heavin exited from the passenger side holding a taser in his hand. He turned the taser's safety off, which activated the taser's video camera function. Heavin briefly ran after plaintiff and deployed the taser, striking plaintiff in the back and causing him to fall to the ground and roll, breaking the taser wires. Plaintiff immediately got back to his feet and ran again, with Heavin continuing to give chase. Heavin caught up to plaintiff and tackled him hard to the ground. While on the ground, Heavin told plaintiff that he was a police officer and advised him to cease resisting, but plaintiff continued to struggle. Heavin then struck plaintiff in the back and rib area with a closed fist in an attempt to gain control over him. Other deputies approached Heavin and plaintiff at this time. Plaintiff ceased resisting Heavin. Heavin and Boomer handcuffed plaintiff, and Boomer and Deputy Nicholas Cunningham picked up plaintiff from the ground onto his feet. Plaintiff did not request medical attention after his arrest, and no additional force was used on plaintiff.

Boomer did not act with excessive force. According to the uncontested facts, Boomer drove parallel with plaintiff as he was riding his bicycle until Boomer informed plaintiff that he was a police officer. This caused plaintiff to double back and begin running in the opposite direction. The complaint vaguely states that Boomer "cut off" plaintiff with the truck while plaintiff was riding his bicycle along Ashland Avenue. Even if the complaint did allege a more concrete harm, an allegation alone does not suffice to establish a question of material fact. *See Cornfield v. Consolidated High Sch. Dist. No. 230*, 991 F.2d 1316, 1320 (7th Cir. 1993) ("The non-moving party cannot rest on the pleadings alone, but must identify specific facts to establish that there is a genuine triable issue."). The uncontested facts show that the truck made no contact with plaintiff or his bicycle. The facts support granting the motion for summary judgment as to any claim of Boomer cutting off plaintiff.

Nor did Heavin act unreasonably when he tasered and then tackled and punched plaintiff. The evidence shows that Heavin tasered plaintiff in order to hinder plaintiff's getaway after committing a felony offense witnessed by the defendant deputies. Similarly, Heavin tackled and punched plaintiff with blows to the ribs and back in order to subdue plaintiff's attempts to escape. Heavin's actions eventually led to plaintiff being arrested. The fact that no force was used once plaintiff was seized and that plaintiff did not request or need medical attention after his arrest shows that Heavin did not exert force "greater than was reasonably necessary to effectuate the seizure." *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 685 (7th Cir. 2007). The uncontested facts demonstrate that Heavin's actions were objectively reasonable and that he did not exert force in excess of what was necessary to apprehend plaintiff. Defendants' motion for summary judgment as to Heavin's actions is accordingly granted.

Summary judgment would have been granted even if plaintiff's counsel complied with Local Rule 56.1 because plaintiff could not overcome defendants' qualified immunity defense. Qualified immunity provides an extra layer of protection to law enforcement officers from Section 1983 liability. Even if a plaintiff can demonstrate that excessive force was used against him, he "must further establish that it was objectively unreasonable for the officer to believe that the force was lawful – i.e., [he] must demonstrate that the right to be free from the particular use of force under the relevant circumstances was 'clearly established.'" *Abbott*, 705 F.3d at 725 (citing *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011)). A

constitutional right is "clearly established" if existing precedent places the constitutional question beyond debate. *Abbott*, 705 F.3d at 725 (citations omitted). "Once a defendant raises the defense of qualified immunity, the plaintiff bears the burden of defeating it either by identifying a closely analogous case or by persuading the court that the conduct is so egregious and unreasonable that, notwithstanding the lack of an analogous decision, no reasonable officer could have thought he was acting lawfully." *Id.* at 723-24.

Plaintiff's response brief fails to acknowledge defendants' qualified immunity defense at all. With respect to the claim against Boomer, the response brief refers to plaintiff's deposition in which plaintiff testified that Boomer drove the side of the truck into plaintiff and knocked plaintiff to the ground. Immediately after the truck struck him, plaintiff testified, "I stood there for a minute, and then I took off running once I came up from under the truck because I didn't know what was going on." Pl's Dep., 11:9-11. Plaintiff's deposition provides no details as to the force with which the truck struck him or whether any such impact caused him any harm.[1] Plaintiff's immediate reaction to run is strong evidence that no harm was caused at this time. In light of the circumstances surrounding the alleged collision, plaintiff falls short of carrying his burden of showing that the mere fact of the truck contacting him "was so plainly excessive that, as an objective matter," Boomer "would have been on notice that he was violating the Fourth Amendment." *Lanigan v. Vill. of E. Hazel Crest*, 110 F.3d 467, 476 (7th Cir. 1997). With respect to Heavin's conduct during the apprehension of plaintiff, plaintiff simply states that tasering and punching him was excessive. This is not enough to satisfy his burden of attacking a defense of qualified immunity. *See Abbott*, 705 F.3d at 723-24 (citation omitted). To the contrary, case law indicates that Heavin's conduct was constitutionally permissible under the circumstances. *See Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009) (citing *Hickey v. Reeder*, 12 F.3d 754, 757 (8th Cir. 1993) for the proposition that a taser's use creates a constitutional issue only if "inflicted without legitimate reason."), *cf. Brooks v. City of Aurora*, 653 F.3d 478, 486 (7th Cir. 2011) (observing that "[c]ourts often have held that it is reasonable to use pepper spray against a suspect who is physically resisting arrest."); *Smith v. City of Chicago*, 743-44 (7th Cir. 2001) (finding that police officers acted reasonably when they slammed plaintiff into the hood of his car, pinned his arms behind his back and handcuffed him because a reasonable officer would have believed that plaintiff was fleeing when a siren was blaring and plaintiff failed to pull his car over for twelve blocks). Accordingly, plaintiff fails to establish that defendants violated a clearly established constitutional right. Defendants are entitled to summary judgment.

For the foregoing reasons, defendants' motion for summary judgment is granted in full.

---

1. Plaintiff testified in his deposition that he had a bloody nose from being tackled and also back pain without specifying whether that pain resulted from the contact with his bike or from being tackled and restrained.